IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INSURANCE COMPANY OF THE WEST, as assignee and equitable subrogee of W.R. CHAVEZ CONSTRUCTION, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 06-735C
(Judge Williams)

DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Rule 12(e) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court order plaintiff, Insurance Company of the West ("Insurance Company"), to provide a more definite statement of its claim. Insurance Company's repeated use of "ICW/Chavez" in its allegations renders its complaint so vague and ambiguous that the Government cannot reasonably file a response, nor could the Court reasonably ascertain whether it possesses jurisdiction to hear this case upon the merits.

Rule 12(e) empowers this Court to order a party to file a more definite statement if the original pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a response." RCFC 12(e). Allowing a confusing complaint to signify a proper pleading "would not serve 'the just, speedy, and inexpensive determination of ... [the] action.'" Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting RCFC 1(a)(2)). Likewise, "a complaint that is confusing makes it difficult for the defendant to file a responsive pleading and

makes it difficult for the trial court to conduct orderly litigation." Scogin, 33 Fed. Cl. at 293 (quoting Vicom, Inc., v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994)). In such a situation, both the United States Supreme Court and this Court have expressly sanctioned ordering more definite statements pursuant to Rule 12(e) to ensure that a defendant has fair notice. Conley v. Gibson, 355 U.S. 41, 47-48 n. 9 (1957); accord Scogin, 33 Fed. Cl. at 293.

Here, plaintiff has failed to comply with this Court's basic pleading rule, RCFC 8(a), which states that a pleading shall contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. The Supreme Court has held that this rule requires a complaint "that will give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; accord Stephenson v. United States, 37 Fed. Cl. 396, 403 (1997). Although the notice pleading required by the rules of this Court is liberal in its demands, it "requires pleadings to state, at the very least, the 'operative facts' upon which a claim is based." Stephenson, 37 Fed. Cl. at 403. Here, as explained below, Insurance Company's claim is vague, confusing, and fails to state sufficiently the operative facts upon which a cognizable claim might be based.

Insurance Company's initial allegation in its complaint that refers to "Plaintiff/Appellant INSURANCE COMPANY OF THE WEST, as assignee and equitable subrogee of W.R. CHAVEZ CONSTRUCTION, INC." as "'ICW' or 'ICW/Chavez'" creates significant vagueness and ambiguity throughout the complaint. In the third and fourth sentences of the third paragraph of the complaint, Insurance Company alleges: "<u>During its performance at the project</u>, Chavez was unable to continue to financially maintain the project and <u>ICW was required to fund</u> the furtherance of construction at the project. Accordingly, <u>ICW became the equitable subrogee of Chavez</u>." Compl. ¶ 3 (emphasis added). However, Insurance Company alleges that "[c]ommencement of work was September 15, 2000," Compl. ¶ 6, and in the fifth paragraph that "[i]n or about August 2000, <u>ICW/Chavez</u> entered into a contract with the Navy," Compl. ¶ 5 (emphasis added). It is not clear how Insurance Company could have entered into a contract with the Navy as an "assignee and equitable subrogee" in August 2000, prior to becoming an equitable subrogee "[d]uring [Chavez's] performance," which did not commence until September 2000.

Insurance Company uses "ICW/Chavez" throughout the remainder of the complaint, except that it alleges in the third sentence of paragraph 14 that "[t]o date, Navy has paid <u>WR Chavez</u> $4,697,352.71, leaving an undisputed contract balance due and owing <u>WR Chavez</u> in the amount of $87,298.29." Compl. ¶ 14 (emphasis added). Further, even though the two exhibits to the complaint make no mention of Insurance Company, paragraph 15 of

the complaint refers to Exhibit A as being submitted by "ICW/Chavez" and refers to Exhibit B as a "Final Decision with regard to the ICW/Chavez claim." Compl. ¶ 15 (emphasis added).

Insurance Company's complaint is so vague and ambiguous that the Government cannot reasonably respond. Although Insurance Company appears to be alleging a possible equitable subrogation claim, it fails to distinguish between itself and the contractor in the majority of the complaint. Insurance Company also fails to allege that it informed the Government that the contractor was in default, that it entered into a takeover agreement with the Government, or that its alleged "fund[ing] the furtherance of construction at the project" was pursuant to any contract with the Government. See, e.g., United Pacific Ins. Co. v. United States, 464 F.3d 1325, 1327 (Fed. Cir. 2006).

Absent any allegations that set forth Insurance Company's actual role in this case, the Government cannot formulate a meaningful response to the complaint. For example, as it appears from the exhibits to the complaint, which name only "W.R. Chavez Construction, Inc.," it appears that Insurance Company does not allege that it entered into a takeover agreement or completed performance of the contract.

For these reasons, we respectfully request the Court to order Insurance Company to provide a more definite statement of its claim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7991

Attorneys for Defendant

January 23, 2007

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of January, 2007, a copy of the foregoing “DEFENDANT’S MOTION FOR A MORE DEFINITE STATEMENT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ Jeffrey S. Pease