Andrew J. Kessler, Esq. (Bar No. 236123)
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorney for Plaintiffs INSURANCE COMPANY OF THE WEST, as assignee and equitable subrogee of W.R. CHAVEZ CONSTRUCTION, INC.

IN THE UNITED STATES FEDERAL COURT OF CLAIMS

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST, as assignee and equitable subrogee of W.R. CHAVEZ CONSTRUCTION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY,<br><br>Defendant. | No.: 06-735 C<br>(Judge Williams) |

**FIRST AMENDED COMPLAINT**

Plaintiff/Appellant INSURANCE COMPANY OF THE WEST, as assignee and equitable subrogee of W.R. Chavez Construction, Inc. (referred to as "ICW"") alleges:

1. The United States Court of Federal Claims has jurisdiction in this matter pursuant to 28 U.S.C. §1491 ("Tucker Act") and 41 U.S.C. §609(a)(1) ("Contract Disputes Act").

2. W.R. Chavez Construction, Inc. ("Chavez") is, and at all times herein mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of California.

3. ICW is, and at all times herein mentioned was, a California corporation and payment bond surety under the laws of the State of California and the surety for Chavez for the

performance and/or payment bonds on the Warfare Command Center project which is the subject of this action, as more fully defined hereinafter. During its performance at the project, Chavez was unable to continue to financially maintain the project and ICW was required to fund the furtherance of construction at the project. Prior to completion of the Project, ICW entered into a take over agreement, with notice to the Project owner, and utilized the services of Roel Construction Company to complete the work of Chavez. Accordingly, by virtue of its performance on the Project, ICW became the equitable subrogee of Chavez. See Liberty Mutual Ins. Co. v. U.S. (2006) 70 Fed.Cl. 37.

In addition to its equitable subrogation rights, ICW also became an assignee of Chavez via written agreement dated January 26, 2004. See Exhibit "A" attached hereto and incorporated herein by reference. Pursuant to the terms of the Agreement, including, but not limited to, paragraph 8(n) and Exhibit "A" to the Agreement, Chavez full assigned all of the contract proceeds due and owing on the Project to ICW. Accordingly, ICW may pursue this claim as an assignee of Chavez. See U.S. v. Aetna Casualty & Surety Co., 338 U.S. 366 (1949); see also Insurance Company of the West v. U.S., 243 F.3d 1367 (2001).

4. Defendant THE UNITED STATES OF AMERICA is, and at all times herein mentioned was, acting by and through THE DEPARTMENT OF THE NAVY ("Navy") which is, and at all times herein mentioned was, an agency of THE UNITED STATES OF AMERICA.

5. In or about August 2000, Chavez entered into a contract with the Navy. Pursuant to the contract, Chavez agreed to perform certain construction work on a work of improvement known as the Warfare Command Center project located at Naval Base Coronado, San Diego County, State of California, under contract number N68711-D-6203. The standard form of said agreement, along with the entire agreement which incorporates by reference the plans, specifications, and other contract documents (hereinafter collectively referred to as "Contract Document"), is voluminous and not attached hereto but it is and has been made available to the Defendant and is incorporated by reference as though fully set forth herein.

6. Generally, the contract included the construction of a 25,000 square foot addition to the Special Warfare Command Headquarters, the renovation of approximately 13,000 square feet of existing offices, and the addition and/or redesign of parking spaces. The original amount of the contract was $3,801,245.00 to be completed in 460 calendar days from commencement. Commencement of work was September 15, 2000.

7. During the course of construction, twenty-one (21) “Amendments of Solicitation/Modification Contract” were entered into by and between Chavez and the Owner. As a result of said amendments, the contract price was increased to $4,784,651.00. Further, the performance period was extended by 187 calendar days through June 24, 2002.

8. In addition to the direct cost and/or time impacts resulting from the aforementioned modifications, Chavez was impacted due to trade damage caused by the Government, modifications to the project plans and specifications, and other changes which impacted both the scope and timing of the work to be performed by Chavez and/or its subcontractors.

9. During construction, the Government directed Chavez and/or its subcontractors to proceed with numerous items of work beyond that originally contemplated by the original plans and specifications. Said extra work is identified in Request for Information ("RFIs"), Proposed Change Orders ("PCOs"), and other project documentation, including correspondence by and between Chavez and the NAVY.

10. For example, during construction, a continuous air supply was required for the LAN room. When the Government decided to take occupancy of the project early, temporary air conditioning units were needed. As such, Chavez contracted with First Call Mechanical for the provision of the same, and incurred costs of approximately $17,000.00 in supplying the temporary air conditioning. Documentation concerning this claim has previously been submitted to the Government. Accordingly, Chavez was entitled to compensation for said costs. ICW is now entitled to the same by virtue of the Assignment and under principals of equitable subrogation.

11. The project was delayed approximately 90 calendar days due to miscellaneous project events including, but not limited to, early owner occupancy and other modifications caused by the Government. Many of these noted delays and disruptions have been documented in prior RFIs, PCOs and correspondence by and between Chavez and the Government. At the rate of $493.00 per day, Chavez was entitled to additional compensation of $44,370.00. ICW is now entitled to the same by virtue of the Assignment and under principals of equitable subrogation.

12. As set forth in PCO 58, Chavez is seeking additional compensation for the installation of government furnished galley and the removal/ replacement of men's restroom laboratory. The total of this claim is $2,417.00. Chavez was entitled to compensation for said costs. ICW is now entitled to the same by virtue of the Assignment and under principals of equitable subrogation.

13. Chavez sought payment of $4,017.00 to re-paint walls in Perron Hall, which were damaged by the Owner during move in. Chavez was entitled to compensation for said costs. ICW is now entitled to the same by virtue of the Assignment and under principals of equitable subrogation.

14. The original contract amount was $3,801,245.00. Subsequent to the execution of the contract, Navy approved change orders in the amount of $983,406.00, increasing the contract amount to $4,784,651.00. To date, Navy has paid Chavez $4,697,352.71, leaving an undisputed contract balance due and owing Chavez in the amount of $87,298.29. Chavez was entitled to compensation for said costs. ICW is now entitled to the same by virtue of the Assignment and under principals of equitable subrogation.

15. Chavez submitted a claim by letter dated June 28, 2004. See Exhibit "B" attached hereto and incorporated herein by reference. Said document claimed entitlement to a sum certain of $155,102.29. On April 18, 2006, NAVY issued its Final Decision with regard to the Chavez claim and offered to release $13,548.29 in contract proceeds. See Exhibit "C" attached hereto and incorporated herein by reference. ICW brings the herein Complaint based

on the Contracting Officer's rejection of over 92 percent of the Chavez claim based upon the aforementioned Assignment and under principals of equitable subrogation. .

16. Chavez has performed all obligations required of it under the contract to be performed unless otherwise excused by the failure to perform by the NAVY.

17. As a direct and proximate result of the NAVY's refusal to honor Chavez's Request for Equitable Adjustment and Certified Claim, Chavez has been damaged in the principal sum of at least $155,102.29, plus interest thereon as provided in the Contract Dispute Act. By virtue of the Assignment and ICW's rights to equitable subrogation of the same, ICW is entitled to this principal sum.

18. The NAVY's failure and refusal to fully compensate ICW for the above-discussed changes to the contract pursuant to their performance of the changed and/or additional work at the direction of the NAVY, is without substantial justification and, accordingly pursuant to the Equal Access to Justice Act, 28 U.S.C. section 2412, et seq., ICW is entitled to attorneys' fees and other expenses incurred in relation to and in furtherance of the presentation and prosecution of the claim in this litigation.

WHEREFORE, ICW prays for judgment as follows:

1. For damages in the principal sum of at least $155,102.29 according to proof at time of trial, plus interest thereon pursuant to the Contract Disputes Act;

2. For reasonable attorneys fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED:February 2, 2007

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: */s/ Andrew J. Kessler*

Andrew J. Kessler
530 B Street, Suite 2100
San Diego, CA 92101
Tel: (619) 238-1900/Fax: (619) 235-0398

## CERTIFICATE OF FILING

I hereby certify that on February 2, 2007, a copy of the foregoing "**FIRST AMENDED COMPLAINT**" was filed electronically. I understand that notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Heather A. Lawson*
Heather A. Lawson