# EXHIBIT "A"

SURETY CLAIMS

JAN 2 3 2004

# COMPROMISE SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Compromise Settlement Agreement and Mutual Release ("Release") is made and entered into by and among W.R. CHAVEZ CONSTRUCTION, INC., THE W.R. CHAVEZ COMPANY ("Principals"), Deborah L. Chavez ("Indemnitor"), and INSURANCE COMPANY OF THE WEST ("Surety"). INSURANCE COMPANY OF THE WEST, W.R. CHAVEZ CONSTRUCTION, INC., THE W.R. CHAVEZ COMPANY, and DEBORAH L. CHAVEZ shall be hereinafter collectively referred to as the "Parties" with respect to the following facts:

## RECITALS

WHEREAS, on or about March 26, 2001, the Principals and the Indemnitors executed an Agreement of Indemnity with the Surety (the "General Indemnity Agreement");

WHEREAS, the Principals have entered into various construction contracts (the "Contracts") with various entities (the "Obligees") for the construction of various projects, a list of which is attached hereto as Exhibit "A" (the "Projects");

WHEREAS, as required by the Contracts, and induced by and in reliance upon the execution of the Agreement of Indemnity by the Principals and the Indemnitors, the Surety executed certain Performance Bonds and Labor and Material Payment Bonds (the "Bonds");

WHEREAS, the Contracts are in various stages of completion, and the Principals and the Indemnitors hereby acknowledge and admit that: (a) multiple demands have been made upon Surety by subcontractors and/or suppliers to Principals; (b) certain Obligees have threatened termination of Principals on various projects; (c) the Principals requested financial assistance from Surety for the purpose of completing projects bonded by Surety and paying obligations to various subcontractors and suppliers of labor, material and services used in the performance of the work on such projects; and (d) the Principals have various claims remaining against various parties.

## AGREEMENT

**NOW THEREFORE** the parties hereto for and in consideration of the foregoing and the payment, covenants, and conditions hereinafter set forth do hereby agree as follows:

1. Subject to the express limitations set forth in Paragraph 8 hereinbelow, Surety, for itself and its successors and assigns, hereby fully releases, acquits, and forever discharges Principals and Indemnitor, their sureties, successors, assigns, divisions, affiliated corporations, general and limited partners, employees, agents, servants, attorneys, representatives, officers, directors, stockholders, and all other persons, firms, entities, corporations now or hereafter affiliated with them, or any of them, of and from any and all claims, demands, actions, causes of action, loss of services, obligations, compensation, costs, expenses, losses, damages, and liabilities of any nature whatsoever, arising out of or related to the General Indemnity Agreement, Projects, and Bonds whether or not now known, suspected, or claimed, which they ever had, may have had, now have, or claim to have against any of them, which have or may have happened, developed, occurred, or

dc

arisen prior to the execution of this Release or which may arise in the future, and may be based upon, on account of, similar or related to, connected with or arising out of any act or omission, or any matter, cause, or thing including, without limiting the generality of the foregoing, any act, cause, matter, or thing stated, claimed or alleged, or which could have been alleged by Surety against Principals and Indemnitor.

2. Subject to the express limitations set forth in Paragraph 8 hereinbelow, Principals and Indemnitor, for themselves and their successors and assigns, hereby fully release, acquit, and forever discharge Surety, its sureties, successors, assigns, divisions, affiliated corporations, general and limited partners, employees, agents, servants, attorneys, representatives, officers, directors, stockholders, and all other persons, firms, entities, corporations now or hereafter affiliated with them, or any of them, of and from any and all claims, demands, actions, causes of action, loss of services, obligations, compensation, costs, expenses, losses, damages, and liabilities of any nature whatsoever, arising out of or related to the General Indemnity Agreement, Projects, and Bonds, whether or not now known, suspected, or claimed, which they ever had, may have had, now have, or claim to have against any of them, which have or may have happened, developed, occurred, or arisen prior to the execution of this Release or which may arise in the future, and may be based upon, on account of, similar or related to, connected with or arising out of any act or omission, or any matter, cause, or thing including, without limiting the generality of the foregoing, any act, cause, matter, or thing stated, claimed or alleged, or which could have been alleged by Principals and/or Indemnitor against Surety.

3. Subject to the express limitations set forth in Paragraph 8 hereinbelow, each of the undersigned parties agrees that the matters herein released include the subrogated or assigned claims, and any liens or claims of any person, firm, or entity to the proceeds to be derived from the Action or the settlement thereof. Any party breaching this paragraph agrees to indemnify and hold the other or others harmless and to defend the persons and entities herein released from any loss, claim, demand, or liability, including, but not limited to, the payment of attorneys' fees and costs actually incurred, whether or not litigation be commenced, on account of any of the foregoing. Each of the undersigned parties represents that no cause of action, nor any interest in the Action or the proceeds of any settlement or judgment therein, has been assigned to any other person, firm, or entity either directly or by operation of law. Not by way of limitation of the generality of the foregoing, each of the undersigned parties agree that, on request of counsel for the parties herein released, the undersigned parties will provide an executed release from holders of subrogated or assigned claims, if any, other lien claimants, if any, and assignees of any cause of action held by the undersigned parties, if any, or of any release of the Action, if any, or the proceeds of any judgement or settlement therein. Each of the parties hereby warrant that they are unaware of any such subrogated or assigned claims not disclosed herein.

4. Subject to the express limitations set forth in Paragraph 8 hereinbelow, each of the undersigned parties covenants and agrees never to commence, prosecute, or cause to be commenced or prosecuted against the other, any action or other proceedings based upon any claim, demand, cause of action, obligation, damage, or liability released hereunder. Each of the undersigned parties

agrees that, if it hereinafter commences, joins in, or in any manner seeks relief through any lawsuit, or otherwise, arising out of, based upon, or relating to any of the matters released hereunder, or in any manner asserts against any of the undersigned parties, any of the matters released hereunder, then that party will pay to the other party or parties, in addition to any damages caused to that party or those parties thereby, all attorney's fees and costs incurred by that party or those parties in defending or otherwise responding to any such lawsuit or other claim for relief.

5. Subject to the express limitations set forth in Paragraph 8 hereinbelow, each of the parties hereto expressly waives and relinquishes any rights or benefits available to them under the provisions of §1542 of the Civil Code of California, which provides:

> A general release does not extend to claims which a creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known by him, must have materially affected his settlement with debtor.

Each of the parties fully understands that if the facts upon which this Action is based, and with respect to which this Release is executed be found hereinafter to be other than or different from the facts in that connection now believed by them to be true, they expressly accept and assume the risk of such possible difference in the facts and agree that this Release shall be and remain effective, notwithstanding such difference in facts.

6. The execution of this Release affects the settlement of claims which are contested and denied. Nothing herein contained shall be construed as an admission by any of the undersigned parties of any liability of any kind to the other party or parties. Each of the parties hereto acknowledges that the other party or parties expressly denies that it is in any way liable or obligated to the other or others.

7. Each of the undersigned parties acknowledge that no other party nor any agent or attorney of any other party has made any promise, representation, or warranty whatsoever, whether expressed, implied, or statutory, not contained herein concerning the subject matter hereof, to induce the parties to execute this Release and acknowledges that it has not executed this release in reliance on any such promise, representation, or warranty not contained herein.

8. In full satisfaction of the respective claims pending against one another, and in consideration for the execution of this Release, the undersigned parties agree as follows:

a. Surety agrees to provide a defense in any and all pending actions against the Principals and/or Indemnitor, whether in their individual or corporate capacity, to the extent said lawsuit seeks to enforce legal rights on any performance and/or payment Bond issued by Surety relative to the Projects performed by the Principal. This defense will be provided at no cost to Principals and/or Indemnitor. However, Surety will not indemnify Principals and/or Indemnitor from any claims, demands and/or suits against them.

W

b. Surety agrees that it will not seek recovery against any pension funds and/or 401(k) funds which enure to the benefit of Indemnitor.

c. Principals and Indemnitor will, and by this Agreement do, hereby irrevocably appoint David A. Perkins of Perkins & Miltner, LLP, as their attorney in fact and he is hereby directed by Principal and/or Indemnitor to execute any and all documents necessary to carry out the intended purpose of this Release, including, but not limited, claims for compensation, the execution of deeds of trust, tax returns, and/or directions to individuals, companies and/or agencies to tender funds to Surety. Attached hereto as Exhibit "B" is a Power of Attorney form which will be executed concurrently with the execution of this Release.

d. Principals and/or Indemnitors agree that any and all tax refunds proceeds whether from the Internal Revenue Service, the California State Franchise Tax Board, or any other public agency, enuring to the benefit of Principals enure to the benefit of Surety and, by this agreement, are hereby transferred and/or assigned to it. Principals and/or Indemnitors will execute any and all documents necessary to effectuate this transfer and/or assignment and will direct their CPA, as well as any necessary public agency, to tender such proceeds to Surety. This assignment shall not extend to the personal taxes of Indemnitor.

e. To the extent that Deborah L. Chavez is directed in writing to perform consulting work on or after December 15,, 2003, then she will be paid $75.00 per hour for any and all consulting work performed as long as the time incurred was necessarily and reasonably incurred, and she can substantiate the same through work product, analysis, or otherwise.

f. Principal and Indemnitor are currently indebted to Surety in a sum in excess of $6,000,000.00. This sum represents an estimate of the current net loss of Surety based on the payment and performance bond obligations of Surety relative to the Projects. Further, Principals and Indemnitor agree they are in default relative to the Deed of Trust filed with the San Diego County Recorder on or about July 25, 2002, said Deed relating to the Residential Property. Further, Principals and Indemnitor agree they are in default relative to the Deed of Trust filed with the San Diego County Recorder on or about July 25, 2002, said Deed relating to the Business Property. By this Agreement, it is the intention of the parties hereto that the obligations of Principals and Indemnitor to Surety shall be satisfied, at least in part, by utilizing the value of the Residential Property and Business Property to reduce the losses of Surety. As such, the releases provided herein expressly

dlc

do not extend to the rights Surety has in and to said properties and Principal and/or Indemnitor agree that Surety has neither waived nor relinquished its right to perfect its position, via foreclosure or otherwise, in said properties. Surety may elect to have said properties sold via judicial or non-judicial foreclosure sale. Principals and Indemnitor agree that they are in default under the aforementioned Deeds of Trust, that an amount in excess of $6,000,000.00 is due and owing to Surety, and that they do not have the financial ability to satisfy said indebtedness, except as it pertains to the sale of the properties. If Surety proceeds with foreclosure, then Indemnitor and Principals, both individually and collectively, as well as in their individual and corporate capacities, agree not to challenge, protest, defend against, or in any way attempt to impair or impede said process.

g. In the alternative, the Surety may elect, at its sole and absolute discretion, and the Principals and/or Indemnitor hereby agree to transfer title to said property, via quit claim deed or as directed by Surety, to Surety within 10 days of its request. Further, Surety may, at its sole and absolute discretion, elect to proceed with a judicial and/or non-judicial foreclosure on the Residential Property and/or Business Property.

h. When the property is sold, the amount set forth in Paragraphs 8(j) and 8(k) shall serve as the basis for calculating the additional amounts due, if any, to Principals.

i. Principals and/or Indemnitors shall cooperate in the sale of their residential property, located at 31498 Lake Vista Circle, Bonsall, California ("Residential Property") and/or their business property located at 12125 Kear Place, Poway, California ("Business Property").

j. Relative to the Residential Property, it is hereby agreed that Surety shall have the absolute right to determine at what price the Property shall be listed and sold. To the extent that the net sales proceeds (e.g., gross sale price minus commission minus other applicable costs related to the transaction) exceed $1,800,000.00, then Principals shall be entitled to receive a payment equal to 15% of the amount exceeding $1,800,00.00. For example, if the net sales proceeds are $1,900,000.00, then Principals are entitled to receive, on a collective basis, an additional $15,000.00 (i.e., 15% of $100,000.00). Payment of said amount, if any, will be made by surety to Principals, via two separate checks, made payable individually to each Principal, in an amount which equals one-half of the aforementioned calculation, with said payment to be made within 30 days of the close of escrow. Once Surety is in receipt of an offer which it intends to accept, it will provide notice thereof in writing

to Deborah L. Chavez. Deborah L. Chavez will have 5 days from the issuance of said notice to match the offer in all material respects. If she does so, it must be done in writing via notice to the Surety and its attorney, David A. Perkins, with said written notice hand delivered to the offices of the Surety, Attention Cynthia Vincent, and to Perkins & Miltner, Attention David Perkins by the close of business on the fifth day following the issuance of the written notice by Surety. Additionally, Surety will provide at least 30 days written notice prior to the close of escrow to Deborah L. Chavez of the sale of the Residential Property.

k. Relative to the Business Property, it is hereby agreed that Surety shall have the absolute right to determine at what price the Property shall be listed and sold. To the extent that the net sales proceeds (e.g., gross sale price minus commission minus other applicable costs related to the transaction) exceed $1,950,000.00, then Principals shall be entitled to receive a payment equal to 20% of the amount exceeding $1,950,000.00. For example, if the net sales proceeds are $2,150,000.00, then Principals are entitled to receive, on a collective basis, an additional $40,000.00 (i.e., 20% of $200,000.00). Payment of said amount, if any, will be made by Surety to Principals, via two separate checks, made payable individually to each Principal, in an amount which equals one-half of the aforementioned calculation, with said payment to be made within 30 days of the close of escrow. Once Surety is in receipt of an offer which it intends to accept, it will provide notice thereof in writing to Wilfred R. Chavez. Wilfred R. Chavez will have 5 days from the issuance of said notice to match the offer in all material respects. If she does so, it must be done in writing via notice to the Surety and its attorney, David A. Perkins, with said written notice hand delivered to the offices of the Surety, Attention Cynthia Vincent, and to Perkins & Miltner, Attention David Perkins, by the close of business on the fifth day following the issuance of the written notice by Surety.

l. In addition to the sums set forth below, it is hereby agreed that Surety shall pay, upon execution of this Release, the sum of $75,000.00 to Deborah L. Chavez via a check made payable to her. Concurrently herewith, or as soon as is possible following the execution of this Release, Surety intends to enter into a similar agreement with Wilfred R. Chavez which agreement will provide for compensation to him in an amount which may be less than, equal to, or greater than the amount set forth herein. Deborah L. Chavez hereby agrees not to challenge, protest, or in any other way challenge the amount so payed to Wilfred R. Chavez in any forum and agrees that said money is his sole and separate property. To the extent that additional proceeds are generated via the calculations set forth hereinbelow, said sums will also be

distributed to the Principals; however, in no event shall the total distribution to both Indemnitors (including the distribution set forth in this paragraph) as well as the separate payment to Deborah L. Chavez exceed $150,000.00. Said payment will be made within 5 days of the execution of this Agreement by all Parties, as well as the execution of a similar agreement with Wilfred R. Chavez.

m. Attached hereto as Exhibit "C" is a Statement of Assets and Liabilities from Principals and Indemnitor. Said statement truly and correctly states all assets and/or liabilities of Principals and Indemnitor. Principals and Indemnitor understand and agree that Surety is relying upon the representations contained in said Statement of Assets and Liabilities in entering into this Release.

n. Principals confirms that it has previously assigned all of its assets to Surety via prior agreements and/or documentation. By this Release, Principals and/or Indemnitor again confirm that they irrevocably and unconditionally assign, transfer, pledge, hypothecate, and/or tender any and all assets of Principals to Surety. These assets include, but are not limited to, contract balances due and owing, or which may become due and owing, to Principals on the Projects, together with the right to receive the same, any claims, demands or causes of actions which Principals currently has, or may have, on any Project it performed, whether said claims be against the Project Owner or Project Subcontractors, or otherwise, and tangible assets including equipment, desks and office supplies, and any other assets of the Principals. This assignment shall not extend to any monies owed to Principals on the project known as "Los Angeles Airforce Base Physical Fitness Center - Project No. 68711-00-C-7027" performed for Straub Construction, Inc.

9. Each person signing on behalf of a corporation, partnership, joint venture or governmental entity party hereby declares that he, she, or it has authority to sign on behalf of his, her, or its respective corporate, partnership, joint venture entity party and agrees to hold the other party or parties hereto harmless if he, she, or it does not have such authority.

10. This Release may be executed in several counterparts, and all counterparts so executed shall constitute one agreement binding on all the parties hereto and each executed counterpart shall be deemed an original.

11. If any legal action, or other proceeding is brought to enforce the terms of this Release the prevailing party shall be entitled to recover reasonable attorney's fees and other costs incurred in that action or proceeding as determined by the Court, in addition to any other relief to which it might be entitled.

12. This Release shall be binding upon and enure to the benefit of the parties hereto and their respective heirs, successors, legal representatives, and assigns.

13. All covenants, agreements, representations, and warranties set forth in this Release or in any certificate, instrument, or other document delivered pursuant to any provision hereof, shall survive the execution and delivery of this Release. Additionally, and despite any term herein to the contrary, the terms of the General Indemnity Agreement, the Forbearance Agreement, the Deed of Trust, or any other written agreement between the parties hereto shall survive this Agreement, with the express understanding that Surety is releasing Principals and Indemnitor from future claims.

14. Each provision of this Release (whether or not part of a numbered paragraph) is a separate and divisible covenant, and in the event any such provision be held to be invalid, the remaining paragraphs shall continue to be in full force and effect.

15. This Release constitutes the entire agreement between and among the undersigned parties hereto, and this Release shall not be amended or modified except in writing and signed by each of the undersigned parties hereto. There are no representations, warranties, promises or other statements upon which the parties have relied, by whatever name called, express or implied, written or oral, except as expressly set forth in this Release. This Release is in lieu of and extinguishes all other agreements, written or oral, express or implied, which may have been entered into by and between the parties in connection with the Action. The only representations, promises, warranties, or other statements upon which the parties have relied are as expressly set forth in this Release. The Release represents the entire agreement of the parties hereto concerning the subject matter hereof. This Release supersedes all agreements, whether written or verbal and whether executed or unexecuted concerning the subject matter hereof.

16. This Release has been prepared by the mutual efforts of the undersigned parties and reviewed by each of them, and therefore shall not be construed against any party because that party's representative drafted the Release or any portion of it.

17. This Release is intended to be construed pursuant to the laws of the State of California, and each of the undersigned parties agrees that the proper jurisdiction and venue for any action arising out of the breach or interpretation of this Release or other document delivered pursuant to any provision hereof, shall be the Superior Court of the State of California, in and for the County of San Diego.

18. Each of the undersigned parties hereby acknowledges that it has read this Release and understands all of its terms, and this Release is executed voluntarily and with full knowledge of its significance.

19. Each party agrees to execute and deliver to the other parties such further documents as may be necessary to effect the purposes of this Release.

WHEREFORE, the undersigned having read the foregoing Compromise Settlement and Mutual Release Agreement and fully understanding it and agreeing to its terms, the parties have executed this Release and make it effective on the date and at the place written below.

Dated: 1.20.04

DEBORAH L. CHAVEZ

By: [signature]

Dated: 1/26/04

INSURANCE COMPANY OF THE WEST

By: [signature]
Its Surety Claim Consultant

G:\4433\007\Docs\Settlement Agr1-15-04-DLC Version.wpd

**EXHIBIT "A"**

| ICW Bond Number | Project |
|---|---|
| 167 53 66 | Pasadena RTC & VMF<br>Medical Dental CA |
| 167 70 85 | P-407 Live Fire (China Lake) |
| 171 86 02 | Classroom Addition |
| 172 19 24 | Earthquake Repair |
| 172 19 34 | Fleet Intelligence |
| 172 19 33 | Warfare Command<br>Flight Simulator |
| 172 20 61 | Simulation Center |
| 172 20 83 | Pathology Lab<br>Interior Stairwell |
| 183 79 22 | Asteria Helicopter |
| 183 80 42 | Surge Suppression<br>Restroom Remodel<br>Replace Electrical |
| 184 01 81 | Humanities - UCR |
| 183 79 39 | Horton Elementary<br>Port of San Diego<br>Repair Storm Drain |

G:\4433\001\Exhibit A.wpd

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of San Diego } ss.

On Jan. 22, 2004, before me, Lorraine M. Nisbet,
Date — Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared Deborah L. Chavez,
Name(s) of Signer(s)

☐ personally known to me
☒ proved to me on the basis of satisfactory evidence

to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that ~~he~~/she/~~they~~ executed the same in ~~his~~/her/~~their~~ authorized capacity(~~ies~~), and that by ~~his~~/her/~~their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person~~(s)~~ acted, executed the instrument.

LORRAINE M. NISBET
Commission # 1259038
Notary Public - California
San Diego County
My Comm. Expires Apr 1, 2004

Place Notary Seal Above

WITNESS my hand and official seal.

Lorraine M. Nisbet
Signature of Notary Public

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: ________

Document Date: ________ Number of Pages: ________

Signer(s) Other Than Named Above: ________

### Capacity(ies) Claimed by Signer

Signer's Name: ________

☐ Individual
☐ Corporate Officer — Title(s): ________
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: ________

Signer Is Representing: ________

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org Prod. No. 5907 Reorder: Call Toll-Free 1-800-876-6827