IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST, as assignee and equitable subrogee of W.R. CHAVEZ CONSTRUCTION, INC., Plaintiff | |
| v. | Case No. 06-735C (Judge Williams) |
| THE UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY Defendant | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law regarding jurisdiction, to which no response is required, to the extent it is deemed an allegation of fact, it is denied.

2. Denies the allegations contained in Paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegation in the first sentence of Paragraph 3 that Insurance Company of the West was the surety for W.R. Chavez Construction, Inc. to the extent supported by the payment and performance bonds cited, which are the best evidence of their contents; otherwise denies the allegations in the first sentence of Paragraph 3; denies the remaining allegation for lack of knowledge. Denies the allegations contained in the second sentence of Paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of Paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. The allegation contained in the fourth sentence of Paragraph 3 is a conclusion of

law, to which no response is required, to the extent it is deemed an allegation of fact, it is denied. The allegation contained in the fifth sentence of Paragraph 3 is a conclusion of law, to which no response is required, to the extent it is deemed an allegation of fact, it is denied. The document identified as Exhibit A to the complaint and referenced in the sixth sentence of Paragraph 3 speaks for itself and no response is required. The allegations contained in the seventh and eighth sentences of Paragraph 3 are conclusions of law, to which no response is required, to the extent they are deemed allegations of fact, they are denied.

4. Admits.

5. Admits the allegations contained in Paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies the allegations contained in Paragraph 5.

6. Admits the allegations contained in Paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies the allegations contained in Paragraph 6.

7. Admits the allegations contained in Paragraph 7 to the extent supported by the contract documents cited, which are the best evidence of their contents, otherwise denies the allegations contained in Paragraph 7.

8. The allegations contained in Paragraph 8 are conclusions of law, to which no response is required, to the extent they are deemed allegations of fact, they are denied.

9. The allegations contained in Paragraph 9 are conclusions of law, to which no response is required, to the extent they are deemed allegations of fact, they are denied.

10. Admits the allegations contained in the first sentence of Paragraph 10 to the extent supported by the contract, which is the best evidence of its contents, otherwise denies the allegations contained in the first sentence of Paragraph 10. Denies the

allegations contained in the second sentence of Paragraph 10. Denies the allegations contained in the third sentence of Paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. The allegation contained in fourth sentence of Paragraph 10 is vague and ambiguous and does not allow the Government to provide an informed response. To the extent that a response is required, the allegation in the fourth sentence of Paragraph 10 is denied. The allegation contained in the fifth sentence of Paragraph 10 is a conclusion of law, to which no response is required, to the extent it is deemed an allegation of fact, it is denied.

11. The allegations contained in Paragraph 11 are conclusions of law, to which no response is required, to the extent they are deemed an allegation of fact, they are denied.

12. The allegations contained in the first and second sentences of Paragraph 12 are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the third and fourth sentences of Paragraph 12 are plaintiff's conclusion of law, to which no response is required, to the extent they are deemed an allegation of fact, they are denied.

13. The allegation contained in the first part of the first sentence of Paragraph 13 is vague and ambiguous and does not allow the Government to provide an informed response. The allegation in the second part of the first sentence of Paragraph 13, which alleges that walls in Perron Hall "were damaged by the owner during move in" is denied. The allegations contained in the second and third sentences of Paragraph 13 are conclusions of law, to which no response is required, to the extent they are deemed an allegation of fact, they are denied.

14. Admits the allegations contained in the first two sentences of Paragraph 14 to the extent supported by the contract documents cited, which are the best evidence of their contents, otherwise denies the allegations contained in the first two sentences of Paragraph 14. Admits the allegation, regarding contract amount paid in the first part of the third sentence of Paragraph 14, to the extent supported by the contract payment records, which are the best evidence of their contents. Denies the remaining allegation in the third sentence of Paragraph 14. The allegation contained in the fourth and fifth sentences of Paragraph 14 are conclusions of law, to which no response is required, to the extent they are deemed an allegation of fact, they are denied.

15. Admits the allegations contained in the first, third, and fourth sentences of Paragraph 15 to the extent the allegations are supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation contained in the first, third, and fourth sentences of Paragraph 15. The document identified as Exhibit B and referenced in the second sentence of Paragraph 15 speaks for itself and no response is required. The document identified as Exhibit C to the Complaint and referenced in the fifth sentence of Paragraph 15 speaks for itself and no response is required. The allegations contained in the last sentence of paragraph 15 are plaintiff's characterization of its case, and plaintiff’s conclusion of law to which no response is required, to the extent they are deemed an allegation of fact, they are denied.

16. The allegations contained in Paragraph 16 are conclusions of law, to which no response is required, to the extent they are deemed allegations of fact, they are denied.

17. The allegations contained in Paragraph 17 are conclusions of law, to which no response is required, to the extent they are deemed allegations of fact, they are denied.

18. The allegations contained in Paragraph 18 are conclusions of law, to which no response is required, to the extent they are deemed allegations of fact, they are denied.

19. Denies that Plaintiff is entitled to the relief requested in the "Wherefore" clause following Paragraph 18 of the complaint or to any relief whatsoever.

20. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

21. Plaintiff claims that it is entitled to 90 days of compensable delay ($44,370.00) caused by 21 bilateral modifications executed by the parties. Plaintiff also seeks the release of $87,298.29 in liquidated damages attributed to the 90 days of delay, and under the same contract for work allegedly performed pursuant to two of those 21 bilateral modifications (Nos. 0007-17 and 0007-18). Specifically, plaintiff seeks an equitable adjustment of $2.427.00 with respect to bilateral modification number 0007-17 and $17,000.00 in damages for costs associated with respect to bilateral modification number 0007-18. Each of the bilateral modifications upon which plaintiff bases the claims described in this paragraph contained a “Contractor's Statement of Release,” which states: “Acceptance of this modification by the contractor constitutes an accord and satisfaction and represents payment in full for both time and money and for any and all costs, impact effect, and for delays and disruptions arising out of, or incidental to, the work as herein revised.”

22. Based upon the facts set forth in paragraph 21, the claims described in paragraph 21 are barred by the doctrine of release.

23. Based upon the facts set forth in paragraph 21, the claims described in paragraph 21 are barred by the doctrine of accord and satisfaction.

WHEREFORE, Defendant requests that plaintiff's complaint be dismissed and that Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

OF COUNSEL:

FRANK KOTARSKI
Office of Counsel
Naval Facilities Engineering
1220 Pacific Highway, Room 250
San Diego, CA 92132
Tel: 619.532.2511

March 6, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 6th day of March, 2007, a copy of the foregoing "Defendant's Answer" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey