IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INSURANCE COMPANY OF THE WEST, as assignee and equitable subrogee of W.R. CHAVEZ CONSTRUCTION, INC.,

Plaintiff

v.

THE UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY

Defendant

Case No. 06-735C
(Judge Williams)

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties hereby submit this joint preliminary status report.

a. **Does the Court have jurisdiction over this action?**

Plaintiff states that the Court possesses jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. At this time, defendant is not aware of any reason to challenge the Court's jurisdiction to entertain plaintiff's complaint.

b. **Should this case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

c. **Should trial of liability and damages be bifurcated?**

The parties agree that the trial of liability and damages should not be bifurcated.

d. **<u>Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?</u>**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **<u>Will a remand or suspension be sought?</u>**

Neither of the parties will seek remand or suspension.

f. **<u>Will additional parties be joined?</u>**

The parties agree that they will not join any additional parties.

g. **Does either party intend to file a dispositive motion pursuant to Rule 12(b), <u>12(c), or 56? And, if so, a schedule for the intended filing?</u>**

After discovery has been completed, the parties will be in a better position to determine whether the filing of dispositive motions for summary judgment pursuant to Rule 56 is appropriate in this case.

h. **<u>What are the relevant issues?</u>**

1. Whether plaintiff is is liable to defendant for liquidated damages assessed on the subject project;

2. Whether plaintiff's installation of temporary air conditioning units constituted a constructive change to the contract;

3. Whether the defendant delayed the project by 90 days due to early owner occupancy and other modifications caused by the Government;

4. Whether plaintiff's installation of Government Furnished Equipment and its removal and repair of a broken lavatory was extra-contractual;

5. Whether plaintiff's repainting of walls due to alleged damage caused by the

Government's furniture installers constituted extra-contractual work;

6. What damages plaintiff suffered as a result of each alleged breach.

i. **What is the likelihood of settlement?**

Settlement of this lawsuit does not appear likely at this time. However, the parties will explore settlement options as the parties conduct discovery.

j. **Do the parties anticipate proceeding to trial?**

If dispositive motions are not filed, and the matter cannot be resolved through settlement, trial will be necessary. If dispositive motions are filed, and a trial is necessary to fully decide this case, the United States proposes that the trial be held four to six months after the Court shall have ruled on such motions. The parties expect that a trial would last approximately one week. The parties do not request expedited trial scheduling. The parties request that the trial be conducted in San Diego, CA.

k. **Are there special issues regarding electronic case management needs?**

The parties have no special issues regarding electronic case management needs.

l. **Is there other information of which the Court should be aware at this time?**

There is no additional information of which the Court should be aware at this time.

m. **What is the proposed discovery plan?**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | May 18, 2007 |
| Close of Fact Discovery | November 19, 2007 |

| | |
|---|---|
| Expert Reports Exchanged | January 18, 2008 |
| Expert Rebuttal Reports Exchanged | March 18, 2008 |
| Deadline for Expert Depositions | May 1, 2008 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Andrew J. Kessler
ANDREW J. KESSLER
Procopio, Cory, Hargreaves & Savitch, LLP
530 B Street
Suite 2100
San Diego, California 92101
Tel. (619) 238-1900
Fax. (619) 235-0398

Attorney for Plaintiff

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 307-0163
Fax (202) 514-8624

Attorneys for Defendant

April 30, 2007

## CERTIFICATE OF FILING

I hereby certify that on April 30, 2007, a copy of the foregoing "**PRELIMINARY STATUS REPORT**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey
David M. Hibey